Robert C. Bowman, Jr., (State Bar No. 232388)
Laura Reich (State Bar No. 289115)
LAW OFFICES OF BOWMAN & ASSOCIATES
*A Professional Law Corporation*
1451 River Park Drive, Suite 125
Sacramento, CA 95815
Telephone:   (916) 923-2800
Facsimile:    (916) 358-8689
E-mail:  robert@bowmanandassoc.com
E-mail:  lreich@bowmanandassoc.com

Attorney for Plaintiff
MOHAMMED IZAAZ

Leila Nourani (State Bar No. 163336)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430
E-mail:  Leila.Nourani@jacksonlewis.com

Benjamin J. Schnayerson (State Bar No. 257857)
Gonzalo Morales (State Bar No. 334944)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:   (415) 394-9400
Facsimile:    (415) 394-9401
E-mail:  Ben.Schnayerson@jacksonlewis.com
E-mail:  Gonzalo.Morales@jacksonlewis.com

Attorneys for Defendant
CARDINAL HEALTH, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMED IZAAZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CARDINAL HEALTH 200, LLC and DOES 1 through 20, inclusive;<br><br>　　　　Defendants. | No. 2:22-cv-0715 JAM DB<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters, the following Confidentiality Order:

1. This Order shall govern the disclosure of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material. Nothing in this Order shall require any party to produce any specific documents or category of documents which a party deems inappropriate for production.

2. If a party to this action serves a non-party with a subpoena for documents or deposition testimony pursuant to this litigation, that party shall provide the non-party with a copy of this Order. If the non-party executes Exhibit A to this Order and thereby agrees to be bound by its terms, the non-party may then designate documents and deposition testimony as Confidential Material pursuant to the terms of this Order and rely on this Order as if it were a party. No third party may receive or view information designated as "CONFIDENTIAL" pursuant to this Order unless the third party has executed Exhibit A to this Order, and thereby agreed to be bound by its terms.

3. Confidential Material, as used in this Order, consists of the following materials and categories of materials:

   a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (FRCP) and any applicable case law interpreting FRCP 26(c)(1)(G); contracts; proprietary information; vendor agreements; personnel files; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential.

   b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, other strategic sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

    c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

    4.    If any party seeks to designate additional documents or categories of documents produced by any other party as Confidential Material, it will be the burden of the party seeking protected status to move for a court order designating the materials as confidential after the parties confer.

    5.    The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

    6.    To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

    a. Information on a disk or other electronic format may be designated confidential by marking the storage medium itself with the legend "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

    b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt

of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER"" legend to the designated pages and segregate them as appropriate.

c. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

7.   Pursuant to Federal Rule of Evidence (FRE) 502(d), the production of documents or electronically stored information ("ESI") protected by the attorney-client privilege or work product doctrine, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by FRE 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Any party subject to this Order who receives a document or electronic information and has reasonable cause to believe that the document or information was inadvertently sent shall not read the document or information or, if he or she has begun to do so, shall stop reading it. The party shall (1) promptly notify the sender, (2) return the document to the sender and, (3) if in electronic form, delete it and take reasonable measures to assure that the information is inaccessible. Any party or non-party subject to this Order who receives a document or electronic information that contains privileged attorney-client communications involving an adverse or third party and who has reasonable cause to believe that the document or information was wrongfully obtained shall not read the document or information or, if he or she has begun to do so, shall stop reading it. The

recipient shall (1) promptly notify the party or attorney whose communications are contained in the document or information, (2) return the document to the other party or attorney and, (3) if in electronic form, delete it and take reasonable measures to assure that the information is inaccessible.

Pursuant to FRCP 26(b)(5)(B) and FRE 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party or non-party subject to this Order to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding.

8. Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Qualified recipients of materials marked "Highly Confidential – Attorneys' Eyes Only " shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as ***Exhibit A***, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning

of any breach or threatened breach of this Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes concerning the confidential nature of such materials shall be resolved by the Court upon motion prior to dissemination of any Confidential Material.

9. The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege, privacy right or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); (3) sensitive, non-relevant information, including but not limited to personally identifiable information, private information, and trade secrets within documents that contain relevant information; (4) non-relevant information that concerns unrelated products or components manufactured or distributed by Defendant or its affiliates, industry sales data, sales, or marketing outside the United States.

10. Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information for that purpose only and only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation. If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court.

11. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Receiving parties shall exercise the same care with regard to the storage, custody, or use of Confidential Information as they would apply to their own material of the same or comparable confidentiality and sensitivity.  Receiving parties must take reasonable precautions to protect Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

(a) Confidential Information in electronic form shall be maintained in a secure litigation support site that applies standard industry practices regarding data security, including but

not limited to application of access control rights to those persons entitled to access Confidential Information under this Order;

(b)  A list of current and former authorized users of the receiving party's litigation support site shall be maintained while this litigation, including any appeal, is pending;

(c)  Confidential Information downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g., laptop, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access Confidential Information under this Order;

(d)  Confidential Information in paper format shall be maintained in the receiving party's counsel's law offices or comparably secure location, with access limited to persons entitled to access Confidential Information under this Order;

(e)  Electronic delivery of Confidential Information shall be by secure File Transfer Protocol or encrypted email addressed only to persons entitled to access Confidential Information under this Order;

(f)  Physical shipments of Confidential Information shall be securely sealed and addressed only to persons entitled to access Confidential Information under this Order; and

(g)  If a data breach that includes Confidential Information occurs or a receiving party reasonably believes such a breach may have occurred, the receiving party shall immediately report such incident to the designating party, describe the Confidential Information accessed without authorization, and use best efforts to return to the designating party Confidential Information copied or removed.  In such event, the receiving party shall immediately take such actions as the producing party shall request in good faith to remediate the breach, to preclude further breaches, and to address publicity regarding the breach, and in any event take such actions as are required by applicable laws, including privacy laws.  After notification, the receiving party shall keep the designating party informed of remediation efforts.

12.  The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided

that either party may seek an appropriate Court Order to protect Confidential Material.

13.  Nothing in this Order shall be deemed to preclude any party or interested member of the public from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to confidentiality of material or the removal of a confidential designation. Should counsel or an interested member of the public disagree with any designation of material as confidential, he or she first shall attempt to resolve such dispute with the parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the material or information should remain designated as Confidential Material. Pending resolution of any challenges, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

14.  The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that was, is or becomes public knowledge in a manner other than by violation of this Order.

15.  Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Material. A party that seeks to file under seal any Confidential Material must comply with Local Rule 141.

16.  In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court as described in paragraph 12 above, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.

17.  This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs,

each party or non-party to whom any materials were produced <u>shall</u>, without further request or direction from the Producing Party, promptly <u>destroy all</u> documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all documents, items or data, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

18. If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Unless the party or non-party who produced or designated the Confidential Material obtains an order directing that the Demand not be complied with, and serves such order upon the Receiving Party prior to production pursuant to the Demand, the Receiving Party shall be permitted to produce documents responsive to the Demand on the Demand response date, provided sufficient notice of the Demand is provided. Compliance by the Receiving Party with any order directing production pursuant to the Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19. In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and,

at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

20. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document herein, or oppose the production or admissibility of any information or documents which have been requested.

21. This Order shall remain in full force and effect until such time as it is modified, amended or rescinded by the Court.

IT IS SO STIPULATED.

Respectfully stipulated to and submitted by:

Dated: July 20, 2022          LAW OFFICES OF BOWMAN & ASSOCIATES

                              By:   /s/ Laura Reich
                                    Robert C. Bowman, Jr.
                                    Laura Reich
                                    Attorney for Plaintiff
                                    MOHAMMED IZAAZ

Dated: July 20, 2022          JACKSON LEWIS P.C.

                              By:   /s/ Gonzalo Morales
                                    Leila Nourani
                                    Benjamin J. Schnayerson
                                    Gonzalo Morales
                                    Attorneys for Defendant
                                    CARDINAL HEALTH, INC.

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: July 22, 2022  /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A TO CONFIDENTIALITY ORDER**

| | |
|---|---|
| MOHAMMED IZAAZ,<br><br>     Plaintiff,<br><br>     v.<br><br>CARDINAL HEALTH 200, LLC and DOES 1 through 20, inclusive;<br><br>     Defendants. | Case No. 2:22-cv-00715 |

**AFFIDAVIT OF COMPLIANCE WITH CONFIDENTIALITY ORDER**

1. My name is _____. I live at _____. I am working on behalf (or at the direction and engagement) of _____.

2. I am aware that a Confidentiality Order has been entered in the matter *Mohammed Izaaz v. Cardinal Health 200, LLC*, pending in the United States District Court, Eastern District of California, and a copy thereof has been given to me, and I have read and understand the provisions of same.

3. I acknowledge that documents and information designated as confidential and/or highly confidential pursuant to such Confidentiality Order ("Confidential Materials") are being disclosed to me only upon the condition that I agree (a) to be subject to the jurisdiction of this Court and (b) to comply with that Order. I hereby agree to abide by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order. I promise that the documents and information given confidential treatment under the Confidentiality Order entered in this case will be used by me only to assist counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such Confidential Material in any manner contrary to the provisions of the Confidentiality Order may subject me to the sanctions of this Court for contempt and to liability for any damages caused by my breach of the Confidentiality Order.

4. I shall not disclose nor permit to be reviewed or copied said Confidential Materials, or any information derived from, by any person other than the parties and counsel for the parties or members of their staff.

5. Within 30 days after the above-captioned lawsuit ends in a final non-appealable order, I agree to destroy all Confidential Materials in my possession.

Dated: _____         _____

4881-8617-3991, v. 1